Good morning, and may it please the Court, I'm Joshua Weiss from the Federal Public Defender's Office here on behalf of Appellant Samuel Fleming. With the Court's permission, I'd like to reserve two minutes, and I'll, of course, keep my eye on the clock. Sure. Thank you. The starting point here is that the police searched Mr. Fleming's residence without a warrant. Their search was therefore per se unreasonable, and it is the government's burden to show that the search fit into, as the Supreme Court said in Katz, one of the few specifically established and well-delineated exceptions to the warrant requirement. Because of this presumption against warrantless residential searches, a probation search condition can authorize a residential search only if it does so clearly and unambiguously. Now California courts do regularly impose search conditions that clearly and unambiguously apply to the residence by imposing a condition that applies to both the property and the residence of the probationer. It seems to me that your biggest hurdle here is a people versus Bravo, so maybe you can talk a little bit about it because that gives us the test that we really need to apply in interpret the term person and property to include his residence, and looking at that as an objective, reasonable person, I just would like to hear your argument and to have you persuade me why that's unreasonable what happened here. Certainly, Your Honor. So in people versus Bravo, the court explicitly reached only one issue, and that was whether a suspicionless search was authorized under California law. While the search condition said person and property, the defendant did not challenge whether the condition applied to his residence, and so the court did not address that issue at all. This seems to be a textbook case of an issue lurking in the record that does not constitute precedent. The case, as the court said, the defendant acknowledged that he was subject to the search as a condition of probation, and he argued, however, that notwithstanding the search condition of his probation, a rule of reasonableness applied. That rule of reasonableness was the only issue, and so the court did not address the scope of the search condition. All Bravo shows is that in 1987, there was a police officer who believed that the search condition applied to the residence, and there was a defendant who did not challenge that belief. It did not at all address what the court's view of the scope of the search condition was. If I understand to the crux of your case, you're arguing that the police officers, when they read the term submit your person, when they were looking at Mr. Fleming's conditions of probation, that said, you know, submit your person and property to search and seizure at any time of the day by any probation officer or other peace officer with or without a warrant, a probable cause or reasonable search, I think that's the relevant term we're looking at, that they should have automatically applied what the procedure is for parole people. Is that, am I understanding your argument? I wouldn't go there, Your Honor. Just the question, I believe, is more narrow, just what objects could be searched under the scope of the search condition. Your view is that the word property is not sufficiently broad to encompass his residence. Exactly, Your Honor. So what case do we have that says that? Well, Granberry reached that issue in the context of parole. It ruled that the property under your control search term does not apply to a residence, and I believe that the reasoning from that case applies equally in this context. We also just have- California law. Are we clear that in determining the scope of this condition of probation, we apply California law? Sure, the- So the cases applying other law or interpreting other provisions aren't particularly helpful to us. We're trying to predict how the California Supreme Court would interpret this. Why isn't Bravo at least some indication of that? Well, Your Honor, to be clear, the question of California law, it is a question of California law how the term is defined. But under federal law, the term has to clearly and unambiguously apply to the residence. But if a California court would say, this is pretty clear, when I say you're a person or property, that's meant to include everything under your control. It's meant to be an all-encompassing term. Why shouldn't we interpret it that way? Well, in Bravo, like I was saying before- I understand Bravo didn't- it's technically dictum in Bravo. But I'm asking you the broader question. Why shouldn't we interpret the phrase person or property to be the kind of condition that means anything under your control? Certainly, Your Honor. So every other case we've seen where the residence is searched, there was a search term that specifically said person, property, and residence, or including residence. And what we see is, over and over again, in the parole context, it's mandatory for the search term to include the term residence. In the probation context, courts regularly say specifically the residence is part of the search term. In light of that context, you know, and these are police officers who regularly apply such search terms, going back to Your Honor's question about what was reasonable here, if they regularly see search terms that say property and residence, here the residence was omitted. That omission must mean something because, again, this is the government's burden. So, I'm trying to figure out, so do you acknowledge we're applying a reasonable reader, objective reasonable reader test here? Yes, Your Honor, but in light of the context and background of the officers. So then you're saying we apply the objective reasonable reader test, but what the officers hear was unreasonable, what their reading of it was unreasonable. Yes, Your Honor. And again, I just want to go back. I think United States v. Lara is very instructive here as well. The court made clear that the term property in a search condition cannot be held to apply to specific forms of property that require heightened constitutional scrutiny. There was the cell phone, and here we're dealing with a residence that requires the strongest Fourth Amendment protections. As a result, the question isn't just could a reasonable officer have interpreted this term this way, but could a reasonable officer have seen the term property and thought that it clearly and unambiguously applied to the residence? I think Granberry is instructive, Lara is instructive in that regard as well. This is a question of California law, but there is no California case on point here. The government hasn't pointed to a single case where a court ruled that the term property applied to a residence, and we have multiple federal, oh sorry, my bad. If BRAVO was decided in 1987, for over 20 years that language apparently has continued to be used by the state, why isn't that a sufficient basis to find, even assuming you clear the first hurdle, that the good faith exception applies here? This court made clear in United States v. Lara, and then actually again recently affirmed in a case called United States v. Kano, that was 934 F3rd 1002, that in contexts like these, the good faith exception only applies if binding appellate precedent actually would have authorized the police's conduct at the time. Not if the precedent was questionable or unclear in any way. The court made clear that even if the government had a plausible view of the law, that does not constitute good faith. It's only actually binding precedent. That goes back to United States v. Davis, where in that case the 11th Circuit actually had binding authority at the time that authorized the police's conduct, and then that authority was later overturned by the Supreme Court. In that context, the police couldn't be faulted. But the police can act based on unclear constitutional authority, again because they need clear authority in order to justify their conduct in the search here. Do you want to reserve the balance of your time? If that is all right. Thank you, Your Honor. Yes. Good morning, Your Honors, Julia Reese for the United States. Your Honors are correct that the core question of whether the term person in property applies to Mr. Fleming's residential property here is a question of state law. And Bravo makes abundantly clear that the test is an objective reasonable person test, and it rejects any idea that probation search conditions are subject to principles of narrow construction. The other thing that Bravo rejects is exactly the interpretive principle that Mr. Fleming is advocating, which is the idea that officers should analyze the condition in light of legal on the language of other probation conditions imposed by other judges. You really look solely to the condition that is front of you. You look at the four corners of the condition that someone is subject to. And here, Mr. Fleming was subject to a condition that covered his person and his property. Property is quite a broad term. This court recognized in King that California law has very broadly construed the scope of its probation search conditions. And this court isn't at liberty to reject that broad construction. Was the apartment his property? Excuse me? I'm sorry? Was the apartment his property? It was his apartment. I always say it was his apartment. He had a leasehold interest in the apartment, did he not? Yes. I don't actually know in the record whether it's clear to you, but I assume it was a renter. Does that make the apartment his property? Yes, Your Honor, it does, because he does have a property interest. The question is, again, is it his property in this particular condition that was imposed in the minute or is property under his control? And on a day-to-day basis, Mr. Fleming did exercise control over that residence. He exercised more control than anybody who owned it. He was the person who had a right to enter the property, a right to, you know, dominion and control over the apartment, given that he was the one who was renting it. So what do we do with the varying ways California courts have imposed this probation condition? Sometimes they say person, property, or residence. That would seem to suggest that at least some courts or some probation officers don't consider residence to be encompassed within property. So where they only put person or property, why would we interpret it to include residence? So I don't think that most of the conditions that are imposed by other judges, again, there is no uniformity in the California system for probation. That's a fair way to put it. Right? There is no uniformity in the California system, and so the question is, based on the four corners of this particular probation condition, how do we read the term property? Again, Bravo has rejected the idea that you look to what other judges are doing in other cases to inform the interpretation of what this judge did in this particular case. But I also don't think that the way that other judges in California, the way that they're imposing their conditions necessarily means that they're adopting a construction of property that would exclude residence. Most of the conditions that Mr. Fleming has pointed to actually say property including, and then they specify a particular list. When you say property including a particular list, that actually shows that you believe that property does generally encompass those terms, and you're just making even more clear than the term property does on its face that I'm talking about your vehicle, and I'm talking about your residence, and I'm talking about anything that's under your control. And that doesn't mean that when another judge does it, that it's, does it differently, that it's wrong, that they didn't mean to extend to the residence, or that it's unclear that it would extend to your residence. Other than Bravo, is there a California case that, what's the strongest California case for your point other than Bravo? So I think Romeo is actually a very strong case for us. That's a case that Mr. Fleming relies on at length. And there, Romeo cited Bravo and said that Bravo, the person and property condition there would have extended to a residence. And the reason that Romeo held that is they looked to the context of the condition, and this again, it reinforces California's rule of interpretation that you should be looking to the four corners of the conditions that are imposed on a particular defendant. So Romeo looked to the particular condition in Bravo and said, look, you've got this person and property condition, and you've got it, that search condition imposed alongside a requirement that the probationer maintain his residence as approved by the probation officer. You have exactly the same context here. Mr. Fleming was ordered at the same time that he was ordered to submit his person and property under his control to search, he was also ordered to keep the probation officer advised of his residence or maintain his residence as approved by the probation officer. So if we just look to what this judge did with this particular defendant, forget about other judges, he used the words property and residence, different meanings applying to both? Yes, I think that that's right. And again, I think that that's reinforced by both Romeo and Bravo, because you have the exact same language used in both cases. You have maintain your residence as approved and person and property. And again, California courts have interpreted in that context, those terms to apply and authorize searches of your residence. So yes, you say tomato, I say tomato, right? So is it your position that the word property would include a residence, and residence is a more narrow use? Yes, I do think that the word property would include residence and that generally residence is a narrow type of property, is a particular type of property. Yes, it is a subset that is wholly subsumed within property. It seems like there's three options here that were presented to the district court and that are being presented to this court. The whole knights, I mean, king, we realize that king, you do state law and then based on U.S. versus knights, if there's reasonable suspicion plus the term, you can go forward. But there's also the good faith exception. But there's the option of finding him as a chronic recidivist similar to a violent felon. It looks like the district court here went with the good faith exception. Can you tell us which one is your preferred option and was there a problem with the district court using the good faith exception? I don't think that there was a problem with the district court using the good faith exception. And frankly, I think that the good faith exception would be the easiest avenue to upholding what the officers did here because then you wouldn't have to wade into this question of California interpretation that, again, we believe is quite clear and unambiguous. Sometimes district judges do take the easiest course. And frankly, I think it is the easiest course. In your briefing, you argue for pages on why we should find him similar to a violent felon. And so I'm just curious why you spent so much time on that. Because we do think, frankly, that that analysis also applies here. And we don't have to get there, do we? I mean, that's a I know you're swinging for a home run, but that's not a necessary finding in this case, is it? No, because, again, I think the search can be affirmed under the good faith exception. It was reasonable for the officers to rely on both Ninth Circuit and California cases that adopt a broad construction of probation conditions and on various California cases that specifically authorize suspicionless searches of probationers' residences under the exact same terms. So, again, the good faith exception quite squarely applies here. And if we were to find that those two didn't apply, you're asking us to make a finding on a basis not treated by the district court and not accepted by any other court in the circuit yet, right? So I. The recidivist exception that you propose has not was not addressed by the district court or has ever been approved by this court in this circuit before. So we're not this this the analysis that we've proposed as an alternative to the good faith exception here is not actually something that the court hasn't applied. It's exactly the analysis that this court applied in Lara. And in Lara, a violent offender. Lara was not a violent offender. Lara was a nonviolent offender. And you think this court has held that if you have a recidivist, then the conditions of the warrant, the condition of probation don't don't matter. So I think that really where the Alera analysis comes into play is how does the Fourth Amendment balance play out? Here's my problem. Your argument may be logical, but you have to admit we haven't bought it before, have we? So we haven't addressed that issue before, have we? I don't think I can't right now think of any case in which you said, look, because you're because you're a recidivist, I mean, I understand the logic of your argument. It may work. It may not work. But you're asking us to do something that no court that this court has never done before and that you didn't address that the district court also didn't address. So I think I think the idea that the state has a very strong interest in combating recidivism in the general Fourth Amendment balancing inquiry, which was recognized in Samson, which is recognized in Knight's. That that cut the answer to my question is you are asking us to do something we've never done before, correct? Hold that the recidivist that if you have a recidivist, we don't have to worry about the conditions of probation. I don't I don't think so. And I think that we're I'm just asking. Tell me what case in which we've held that. So what I'm asking or what we're proposing there in the reasonableness analysis is just for the court to apply exactly the same analysis that the court applied and we're missing each other. You're asking us to extend our reasonable analysis to a new situation, new factual situation. My question is, have we ever addressed that factual situation and applied the reasonable analysis the way you propose? Not no, I don't I don't think so. I think King, I think, is the closest case. King is the closest case where you have a nonviolent drug offender who's subject to a probation. Excuse me. Knight's is the closest case where you have a nonviolent drug offender who's subject to a probation search condition. And this court affirmed a reasonable suspicion based search of that drug offender's residence. Authorized by but found it authorized by a condition of his probation. Yes. And again, I think the person and property condition would authorize that search here. Again, if you would, we don't have to reach the question of whether or not we have a separate rule for recidivists. Right. If they put nobody's arguing here, there wasn't reasonable suspicion. So the question is whether or not the probation conditions take us outside the normal Fourth Amendment warrant requirement. I perceive you to make it be making a broader argument with respect to recidivists, which is that even if the probation conditions aren't on point, if there's reasonable suspicion, then you can still search. Isn't that wasn't that the argument you're making? So I think the amount of time I'm obviously answering any questions the court has, I'm here for you. The I think the argument that we're really making is that the analysis in Lara should control. And in Lara, this court found that the condition did not clearly and unambiguously cover a search of a cell phone. But even though it didn't clearly and unambiguously cover the search of the cell phone, the court still did the general Fourth Amendment balancing inquiry. So the fact that it didn't clearly and unambiguously cover the search of the cell phone was just a factor that weighed in favor of the probationer's privacy interest. Can I ask one more question on this point, because I'm not sure we're going to get to it, but I want to understand the government's position. Let's assume the condition of probation said you may only search the person. We said you may search the person. Would you argue in this case that because he was a recidivist and there was reasonable suspicion, his property could be searched without a warrant? In this case, I think it would be much more difficult. And I don't think I don't think we could make that argument, because, again, when you have a condition like this for a person that is so narrow, I don't think that the privacy interest of the person... So is your argument that if the condition of property is ambiguous, the fact that this person is a recidivist renders it more readable one way or the other? Not that the condition is more readable one way or the other, but that the probationer's privacy interest, his expectation of privacy, is more reduced relative to other probationers. So here we have, on one side of the Fourth Amendment balance, a probationer who is a chronic recidivist who has never expressed any belief that the condition actually doesn't extend to his home, which is in contrast to where we did have a declaration that explicitly said that. And then on the other hand, we have a state interest which is heightened because he is a chronic recidivist. You've answered my question. Thank you. Thank you. How fast can you talk? We'll see. I wanted to start with this point we were just talking about. I have not seen a case, and this Court has actually repeatedly stated, that unless the search condition clearly applies to the residence, especially with the residence, because that is where the warrant requirement comes into play, if the probation term does not apply to the residence, then what we just have is a warrantless search. And you don't do a reasonableness balancing inquiry when there's just no warrant for a search without a clearly defined exception. I'd like you to address the government's good faith argument. If I could sort of rephrase it, they're saying, look, lawyers can dance on the head of a pin and argue what property is or isn't. But a reasonable police officer looking at this language would say, of course it covers where he lives, and therefore the officers acted in good faith. What's your response? That seems to me to be a fairly strong argument. It's what the one the district court accepted. What's wrong with that? There's direct case law on point on this issue, again from Lara, and then again more recently, and I could substitute with a letter. This case just came out recently in United States v. Kano, saying that the good faith exception applies only where the binding case law actually authorized the police's conduct, not where it was questionable, unclear, not where the police maybe had a good justifiable reason to read the on point. And again, going the other way here would mean that whenever there's a lack of clarity in the law, meaning a close question of constitutional authority, the police could then assume that they have the authority to conduct the search because even if they're wrong on the Constitution, the good faith exception would apply. And that would totally eviscerate the protections of the exclusionary rule. What we need is, excuse me, the good faith exception applies where they genuinely had authority to conduct the search at the time, and that authority was later overturned by overturned by the Supreme Court, as in the case of Davis. That's not generally the case. Sometimes we say when there's a defective warrant, so you didn't have the authority to conduct the search, the police officers were entitled to rely on the defective warrant because they didn't have any any role in its procurement or any bad role in its procurement. So the general rule isn't that it has to be legal for good faith to apply, because if it were legal, we wouldn't be. It's not a rule limited to overturning of precedent, is it? No, but that is the kind of the type of good faith that the government has been arguing here. But in the context of a warrant that's deficient in some way, that was the case addressed by Camus that we talked about in our briefs, where that only applies where the arresting officers didn't make any mistake. They relied on the negligence of a county clerk or someone else or the magistrate judge who made an error. The point is that when the police officers themselves commit conduct that violates the Constitution, the good faith exception can apply because that's precisely the conduct that could be deterred. Is there a condition? I'm sorry, I just wanted to point out that this is exactly the kind of conduct that will be repeatable. The officers here said that they regularly receive search terms and unless it explicitly says not the residents, they assume they have authority to search. That inverts the the burden here where they need actual explicit authority to search, not not explicit, a ban against it. I'm sorry, Your Honor. Yeah. In light of all the circumstances of this particular case, is it your position that it was unreasonable for the officers to interpret property to include residents? Yes, Your Honor. Objectively unreasonable. Well, I guess I would say that the question doesn't go that far. It was objectively unreasonable to believe that property clearly and unambiguously authorized the search. And that is the inquiry here, I believe. That's what you would think the inquiry is. Yes. And I would just point to Cervantes again, saying the search can only be authorized. I'm quoting here at page 1182 of that case. Our main task is to determine whether the search of Cervantes' hotel room was, in fact, authorized by the clear and unambiguous terms of the search condition. And in Granberry also, the court stated that a precondition for a parole search is that the object search was authorized. I'm sorry, I'm out of time. No, thank you. Thank you very much. Thank you both. Those oral arguments were very helpful to us and appreciate your presentations here today. So Ms. Reese and Mr. Weiss, thank you.
judges: Murguia, Hurwitz, Zouhary